## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMAL R. WARD,

      Plaintiff,　　　　　　　　　　　　　　Case No.
　　　　　　　　　　　　　　　　　　　　　　　　　　Hon.
v.

CHARLES BROTZKE, AARON THOMPSON,
and BAILEY RUMSCHLAG, individually and
in their official capacity,

      Defendants.

_____

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
248-355-5555
d.dworetsky@fiegerlaw.com
_____

## **COMPLAINT AND TRIAL BY JURY**

NOW COMES the Plaintiff, JAMAL R. WARD, by and through his attorneys, *Fieger, Fieger, Kenney & Harrington, P.C.,* and for his Complaint against the above-named Defendants, states:

## **JURISDICTION AND VENUE**

1.　　This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of

the Fourth Amendment of the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988, and United States Constitution, Amendments XIV, deprivation of liberty without due process of law.

2. This Court has jurisdiction of this cause under the provisions of United States Constitution, Amendments I, IV, V, VI, and XIV; Title 42 of the United States Code, § 1983; Title 28 of the United States Code, § 1331 and § 1343; and 3(a).

3. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 USC § 1367(a), over any and all state law claims that are related to the claims under the Michigan Constitution, Article 1, §§ 5, 6, 11, and 17 within the original jurisdiction of this Court as they form part of the same case or controversy.

4. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391. Defendants reside and may be found in the Eastern District of Michigan and all of the events giving rise to these claims occurred in this district.

5. That each and every act of the Defendants, as set forth herein, was perpetrated under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan and/or

Federal law, and by virtue of, and under the authority of, the Defendant's employment with the City of Detroit.

## PARTIES

6. Plaintiff, JAMAL R. WARD, is a citizen of the State of Michigan, and a resident of the City of Detroit, Wayne County, Michigan.

7. At all times relevant, Defendant, CHARLES BROTZKE, was a citizen of the State of Michigan and was acting under the color of law within the course and scope of his employment as a police officer employed by the City of Detroit.

8. At all times relevant, Defendant, AARON THOMPSON, was a citizen of the State of Michigan and was acting under the color of law within the course and scope of his employment as a police officer employed by the City of Detroit.

9. At all times relevant, Defendant, BAILEY RUMSCHLAG, was a citizen of the State of Michigan and was acting under the color of law within the course and scope of his employment as a police officer employed by the City of Detroit.

10. That Plaintiff brings this suit against the Defendants in their individual and official capacity.

11. That each and every act of the Defendants, as set forth herein, was perpetrated under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan and/or Federal law, and by virtue of, and under the authority of, the Defendant's employment with the City of Detroit.

12. That the amount in controversy exceeds the amount of $75,000.00, and pursuant to 28 U.S.C. § 1332, this action is otherwise within the jurisdiction of this Court.

## **COMMON ALLEGATIONS**

13. Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the allegations above, as though set forth fully and completely herein.

14. On December 30, 2021, at approximately 7:00 pm, Plaintiff, JAMAL R. WARD, was lawfully on the premises of a BP Gas Station located 4900 Connor St., Detroit, Michigan.

15. At all times relevant hereto, Plaintiff, JAMAL R. WARD, was lawfully on the BP Gas Station premises to purchase merchandise.

16. While plaintiff was at the back of the gas station near the video machines, Defendants, CHARLES BROTZKE, AARON THOMPSON, and BAILEY RUMSCHLAG, arrived at the location and entered the gas station.

17. Upon information and belief, Defendants, CHARLES BROTZKE, AARON THOMPSON, and BAILEY RUMSCHLAG, claim to have made the location for "special attention."

18. Once inside the gas station, Defendant BAILEY RUMSCHLAG began to make a directed approach to the Plaintiff while bypassing other customers.

19. Defendant BAILEY RUMSCHLAG found Plaintiff, who was still in the back of the gas station, just standing near the video machines, in a non-threatening manner, posing no danger to anyone.

20. Plaintiff did not pose a threat to employees, other customers, or the police officers.

21. Defendant BAILEY RUMSCHLAG then unlawfully ordered Plaintiff to put his hands on top of his head for no apparent reason and forcefully grabbed Plaintiff's right arm.

22. Plaintiff did not threaten Defendant BAILEY RUMSCHLAG with a weapon, verbally, or otherwise.

23. Plaintiff had not committed, was not committing, and did not commit any crime that involved any weapon or any threats of using a weapon against any gas station employees, customers, or police officers.

24. Defendant BAILEY RUMSCHLAG subsequently claimed that he observed a small portion of a pistol grip protruding from Plaintiff's right pants pocket.

25. Defendant BAILEY RUMSCHLAG subsequently claimed he approached and asked Plaintiff if he had a CPL.

26. Defendant BAILEY RUMSCHLAG subsequently claimed that Plaintiff looked at him and appeared panicked, stating no.

27. As Defendant BAILEY RUMSCHLAG continued to apply unlawful force to Plaintiff's right arm, Plaintiff sensed he was in danger as he had done nothing wrong and unlawful force was being deployed upon him for no reason.

28. Therefore, Plaintiff, a young African American male, began to panic, and broke free from Defendant BAILEY RUMSCHLAG.

29. As Plaintiff broke free from Defendant RUMSCHLAG, he ran directly toward the exit, and Defendants CHARLES BROTZKE and AARON THOMPSON began firing their service weapon inside the gas station striking Plaintiff several times, as Plaintiff, with his back at all times to all Defendants, was simply running out of the gas station, threatening nobody and posing zero threat to any employees, customers, or Defendants.

30. Defendants, CHARLES BROTZKE, AARON THOMPSON, and BAILEY RUMSCHLAG, at all times relevant herein, were acting within the scope of their employment and/or under color of law as law enforcement officers, and unlawfully restrained the Plaintiff by excessive use of force, and further deployed unnecessary, unreasonable, and unlawful deadly force.

## COUNT I - 42 U.S.C § 1983-EXCESSIVE FORCE AGAINST DEFENDANTS

31. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

32. At all times relevant hereto, Defendants CHARLES BROTZKE, AARON THOMPSON, and BAILEY RUMSCHLAG were acting under the color of state law and in their capacity as City of Detroit police officers, and their acts and/or omissions were conducted within the scope of their official duties and employment.

33. Plaintiff had the clearly established right under the Fourth and Fourteenth Amendment to be free from excessive force by law enforcement.

34. Under all the circumstances known to Defendants, the physical force used against Plaintiff by all Defendants was objectively unreasonable and clearly excessive when the Defendants fired their service handguns several times.

35. Defendants CHARLES BROTZKE, AARON THOMPSON, and BAILEY RUMSCHLAG violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the United States Constitution.

36. At all times relevant hereto, Plaintiff did not pose a threat to the safety of the Defendants or others.

37. At all times relevant hereto, and upon information and belief, as Plaintiff began to run away, and as he ran away, he posed no immediate threat to any officer, any of the gas station employees, or any other customers, let alone to Defendants CHARLES BROTZKE, AARON THOMPSON, and BAILEY RUMSCHLAG, who used and continued to use an unjustified amount of force against him.

38. The misconduct of Defendant CHARLES BROTZKE, AARON THOMPSON, and BAILEY RUMSCHLAG directly and proximately caused Plaintiff JAMAL R. WARD to suffer numerous injuries including, but not limited to:

    a. Gunshot wounds to the right shoulder, right forearm, right thigh, left thigh requiring surgery;
    b. Chest and lung wounds requiring surgery;
    c. Severe pain, including shooting pains up and down his extremitiesl
    d. Difficulty breathing;

e. Extreme physical pain and suffering;
f. Post-traumatic stress disorder;
g. Depression;
h. Anxiety;
i. Extensive medical treatment;
j. Medical bills and equipment-past and future;
k. Replacement services;
l. Economic loss;
m. Conscious pain and suffering;
n. Denial of social pleasures and enjoyments;
o. Embarrassment, humiliation, mortification;
p. Emotional trauma, distress, mental anguish, fright, and shock;
q. Physical Therapy and Counseling;
r. Punitive damages;
s. Exemplary damages;
t. Attorneys fees and costs pursuant to 42 U.S.C. §1988;
u. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
v. Any other damages allowed by law.

39. As a direct and proximate result of the willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, Plaintiff has suffered and will continue to suffer damage into the future including, but not limited to the injuries and damages as outlined previously of this Complaint.

40. The acts and/or omissions of Defendants CHARLES BROTZKE, AARON THOMPSON, and BAILEY RUMSCHLAG were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff. Plaintiff

therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

41. As a direct and/or proximate cause of the use of excessive force by Defendants, Plaintiff, JAMAL R. WARD, sustained severe facial injuries amongst other injuries including, but not limited to compensatory damages, reasonable attorney's fees, and costs pursuant to 42 U.S.C. §1988, and punitive damages.

42. That Defendants are not entitled to qualified immunity.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest, and attorney fees.

### COUNT II
### <u>VIOLATION 42 USC § 1985(3) CONSPIRACY TO DEPRIVE AND INTERFERE WITH PLAINTIFF'S CIVIL RIGHTS AGAINST DEFENDANTS</u>

43. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

44. Defendants and/or others by their concerted actions of falsifying reports, in an effort to conceal and/or excuse the use of excessive force deployed upon Plaintiff, acted in concert to commit and accomplish

unlawful acts resulting in the deprivation of rights, including a deprivation of Due Process, to Plaintiff.

45. In addition, the actions of Defendants were racially motivated and intended to deprive Plaintiff of the equal protection of the laws.

46. Defendants' actions included, but were not limited to conspiring to falsify reports and failing to truthfully answer questions by superiors and/or investigators, and all other breaches learned through the course of discovery which are hereby adopted by reference.

47. Defendants and/or others by and through their actions thereby had a single plan when they conspired and explicitly agreed to inflict wrongs and injuries upon Plaintiff.

48. Defendants and/or others possessed the same motives and same objective to violate such rights when they knew about and/or participated in the falsification of reports and failure to truthfully answer questions by supervisors and/or investigators.

49. Defendants' overt actions deprived and interfered directly with the civil rights of Plaintiff.

50. As a direct and proximate cause of the conspiracy to interfere with his civil rights, Plaintiff sustained injuries, including but not limited to those set forth previously in this Complaint.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount greatly in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of costs, interest and attorney fees.

**COUNT III
ETHNIC INTIMIDATION
VIOLATION OF MCL 750.147b**

51. Plaintiff restates, re-alleges, and incorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

52. At all times relevant hereto, and pursuant to Michigan and/or Federal law, Defendants owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff, which duties include, but are not limited to obeying all laws, statues, and local ordinances.

53. At all times relevant hereto, Defendants breached said duties, by profiling, harassing, deploying excessive force, and indeed, deploying deadly force, all with specific intent to harass, intimidate, and harm Plaintiff on the basis of his race.

54. At all times relevant hereto, Defendants acted with racial animosity to intimidate and/or harass Plaintiff, and as a result of his race

and/or ethnicity, deployed excessive force and deadly force, despite no provocation, danger, or threat of any harm whatsoever.

55. As a direct and proximate cause, Plaintiff sustained serious and permanent injuries and damages including, but not limited to those injuries set forth previously in this Complaint.

56. The acts and/or omissions of Defendants were in violation of MCL 750.147b and thus entitles Plaintiff to an award of treble damages and attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount greatly in excess of Seventy-Five Thousand dollars ($75,000.00) exclusive of costs, interest and attorney fees.

## COUNT IV
## GROSS NEGLIGENCE
## DEFENDANTS

57. Plaintiff hereby reincorporates each and every allegation set forth in the previous paragraphs as if fully set forth herein.

58. At all times relevant hereto, pursuant to Michigan Law, Defendants CHARLES BROTZKE, AARON THOMPSON, and BAILEY RUMSCHLAG, as Detroit Police Officers employed by the City of Detroit

owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff.

59. At all relevant times, Defendants were acting within the course and scope of their employment.

60. Defendants were acting within the scope of their employment, breached this duty, and were grossly negligent, as defined in MCL 691.1407(2)(c), when they acted so recklessly as to demonstrate a substantial lack of concern as to whether injury would result toward Plaintiff and with disregard for his health, safety, and constitutional and/or statutory rights, by doing the following:

   a. Using excessive force and punishment upon Plaintiff without a legitimate goal and/or justification, and having the opportunity and means to not use excessive force and punishment and/or violation of the rights of Plaintiff from occurring;

   b. Acting with reckless disregard for the physical safety of Plaintiff;

   c. Acting with a willful and/or wanton disregard for the safety of others, particularly, Plaintiff;

   d. Acting in a reckless and/or grossly negligent manner as contemplated in MCL 691.1407(8)(a);

   e. All other breaches of duty identified in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

  f.  Any and all breaches that become known through litigation.

61. As the direct and proximate result of the grossly negligent conduct of Defendants, Plaintiff suffered significant, serious, and permanent injuries, resulting in physical and emotional difficulties to date as outlined previously in this Complaint.

62. As the direct and proximate result of the Defendants' above-described breaches of duty and gross negligence, Plaintiff suffered serious and permanent injuries and damages including, but not limited to the injuries and damages as outlined previously in this Complaint.

63. As a direct and proximate result of the grossly negligent conduct of Defendants, Plaintiff has suffered and will continue to suffer damage into the future including, but not limited to the injuries and damages as outlined previously in this Complaint.

64. That Defendants are not entitled to governmental immunity.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendant and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest, and attorney fees.

## COUNT V
## ASSAULT AND BATTERY
## AGAINST DEFENDANTS

65. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

66. At all times relevant hereto, Defendants made threatening statements and/or movements and/or actions creating within Plaintiff a well-founded fear of imminent peril and/or contact.

67. Defendants had the apparent ability to carry out the act.

68. Defendants did physically carry out the act when they unreasonably grabbed, restrained, and fired their service weapons at Plaintiff, striking him several times.

69. The misconduct of Defendants directly and proximately caused Plaintiff to suffer numerous injuries including, but not limited to the damages set forth previously in this Complaint.

70. As a direct and proximate result of the misconduct of Defendants, Plaintiff has suffered and will continue to suffer damage into the future including, but not limited to the injuries and damages as outlined previously in this Complaint.

71. That Defendants are not entitled to governmental immunity.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest, and attorney fees.

                                      Respectfully submitted,

                                      */s/David A. Dworetsky*
                                      GEOFFREY N. FIEGER (P30441)
                                      DAVID A. DWORETSKY (P67026)
                                      *Fieger, Fieger, Kenney & Harrington, P.C.*
                                      Attorneys for Plaintiff
                                      19390 W. Ten Mile Rd.
                                      Southfield, MI 48075
                                      (248) 355-5555
                                      d.dworetsky@fiegerlaw.com

Dated: January 12, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAL R. WARD,
    Plaintiff,                                     Case No.
                                                         Hon.
v.

CHARLES BROTZKE, AARON THOMPSON,
and BAILEY RUMSCHLAG, individually and
in their official capacity,

    Defendants.
_____

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
248-355-5555
d.dworetsky@fiegerlaw.com
_____

## **DEMAND FOR TRIAL BY JURY**

Plaintiff, JAMAL R. WARD, by and through his attorneys, *Fieger, Fieger, Kenney & Harrington, P.C.*, hereby demands a trial by jury in the above-captioned matter.

                                                 Respectfully submitted,

                                                 */s/ David A. Dworetsky*
                                                 GEOFFREY N. FIEGER (P30441)
                                                 DAVID A. DWORETSKY (P67026)
                                                 Attorneys for Plaintiff
                                                 19390 W. Ten Mile Rd.
                                                 Southfield, MI 48075
Dated: January 12, 2023            (248) 355-5555